OPINION
 STATEMENT OF THE FACTS AND CASE
On November 18, 2000, Appellant was stopped by the State Highway Patrol for the commission of traffic offense which is not the subject of this appeal.
During the trooper's investigation, Appellant was placed in the rear of the police cruiser.
Pursuant to the investigation following the traffic stop, Appellant was arrested.
Appellant was removed from the rear of the patrol car and a search of Appellant's person was conducted during which Appellant removed a pill box from his pocket and shook its contents onto the ground. (T. at 24.)
After arrest, Appellant was handcuffed. Prior to being returned to the rear of the patrol car, the trooper searched the back seat of same and uncovered a "crack pipe within the seat where Appellant had previously been sitting. (T. at 25).
On November 22, 2000, Appellant was indicted on One Count of Tampering with Evidence.
On November 28, 2000, Appellant entered a plea of not guilty to the above charge.
On May 16, 2001, Appellant waived his right to a trial by jury and proceeded to a bench trial.
The trial court found Appellant guilty and on June 14, 2001, sentenced Appellant to a term of supervision under community control sanctions.
Appellant appeals this conviction, assigning the following error:
ASSIGNMENT OF ERROR
 THE STATE OF OHIO FAILED TO ESTABLISH, BY PROOF BEYOND A REASONABLE DOUBT, EVERY ELEMENT OF THE OFFENSE CHARGED AND, THEREFORE, THE CONVICTION OF THE DEFENDANT-APPELLANT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.
Appellant argues that his conviction is not supported by sufficient evidence. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259.
In order to prove the tampering with evidence charge, the state had to prove the following:
R.C. § 2921.12 Tampering with Evidence
 (A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
 (1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation;
* * *
Appellant knew that investigation was in progress. He had been subjected to a limited pat down search, the trooper was checking the status of driving privileges, which revealed same to be under suspension, and Appellant also had outstanding warrants out for his arrest. Appellant knew that it was only a matter of time until the trooper would discover same.
Furthermore, Trooper Root testified that he searched the back seat of the patrol car at the beginning of his shift and that Appellant was the only other person present in the car up to that time. The crack pipe was not there when Trooper Root searched his car earlier. It was found there only after Appellant had been sitting in said car.
The evidence presented at trial established that appellant attempted to conceal the crack pipe by hiding it within the back seat of the patrol car. Appellant did so in order to impair its value as evidence against him in a criminal proceeding.
Therefore, we find that the trial court's conviction for tampering with evidence is supported by the sufficient circumstantial evidence.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.
Costs to Appellant.
Hon. Sheila G. Farmer, P.J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.